UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL C. OLEKSA,

    Plaintiff,

 vs                                                  Case No.
                                                       Hon.

GUARDIAN ALARM COMPANY
OF MICHIGAN, dba T. M. Enterprise
Services, Inc. a Guardian Alarm Company,

    Defendant.
_____/
BURGESS & SHARP, PLLC
Attorneys for Plaintiff
By:  Rex A. Burgess, P42779
      Heidi T. Sharp, P69641
15985 Canal Road
Clinton Township, MI  48038
586-226-2627
_____/

## **COMPLAINT**

        Plaintiff, Michael C. Oleksa, by and through his attorneys, Burgess & Sharp, PLLC, for his complaint against the Defendant states as follows:

        1.       At all times relevant hereto Plaintiff Michael C. Oleksa was an employee of Guardian Alarm Company of Michigan d/b/a T. M. Enterprise Services, Inc., a Guardian Alarm Company.

        2.       T. M. Enterprise Services, Inc., a Guardian Alarm Company, has offices in Novi, Michigan, and does business throughout southeastern Michigan.

3. The court has jurisdiction pursuant to the Family Medical Leave Act, 29 USC 2601 et seq., and the Age Discrimination in Employment Act, 29 USC 621 et seq. and has pendant jurisdiction over the state law claims pursuant to 28 USC 1367(a).

### General Allegations

4. Plaintiff, Michael C. Oleksa, worked for Guardian Alarm from January, 1969 through February of 1986 and again from March, 1993 through May of 2007, for a total of 31 years.

5. Plaintiff was terminated on May 21, 2007, for alleged excess absenteeism.

6. At the time of his termination, Plaintiff was a Fire Alarm System Designer earning a salary of $48,000 plus bonuses and other benefits.

### Count I

### Violation of Family Medical Leave Act

7. Plaintiff incorporates by reference the preceding paragraphs.

8. At all times relevant hereto Plaintiff Michael C. Oleksa was an employee of Guardian Alarm Company of Michigan d/b/a T. M. Enterprise Services, Inc., a Guardian Alarm Company, and was eligible for family medical leave for a qualifying event.

9. Defendant as an employer pursuant to the Family Medical Leave Act, has more than 50 employees.

10. Plaintiff had been employed for more than one year and had worked more than 1,250 hours in the year preceding the onset of the leave in question.

11. Plaintiff's wife had an on-going serious medical condition during the time period relative to this cause of action and the Defendant had a duty to offer Plaintiff Family Medical Leave to care for his wife's serious medical condition.

12. The Defendant failed to notify the Plaintiff of his qualification for Family Medical Leave and his right to intermittent leave.

13. The Defendant retaliated against the Plaintiff for taking time off that he was eligible for under the Family Medical Leave Act and terminated him without cause when he was not at work for events that qualified for Family Medical Leave.

14. Defendant's actions were intentional violations of the Family Medical Leave Act.

15. As a direct result of the Defendant's violation of Family Medical Leave Act, Plaintiff suffered lost wages, lost benefits, loss of future wages, liquidated damages, and loss of employment opportunities.

WHEREFORE, Plaintiff requests that this Honorable Court grant whatever legal or equitable relief it finds necessary to compensate Plaintiff for his lost wages, lost benefits, loss of future wages, liquidated damages, loss of employment and advanced opportunities resulting from Defendant's multiple violations of the Family Medical Leave Act, attorney fees and costs.

### Count II

### Violation of the Age Discrimination in Employment Act of 1967, 29 USC 621 et seq. and the Elliott Larson Civil Rights Act, MCL 37.2201 et seq.

16. Plaintiff incorporates by reference the preceding paragraphs.

17. Plaintiff was 60 years old at the time of his termination.

18. His age was a factor in the decision to terminate him.

19. Other similarly situated employees who were younger than the Plaintiff and had similar records regarding absenteeism were not disciplined or terminated.

20. The reasons given for Plaintiff's termination by the employer were inaccurate, untrue, or otherwise in violation of the Plaintiff's statutory rights and were manufactured as a pretext to cover up the employer's intent to discriminate against the Plaintiff because of his age.

21. As a direct result of the employer's illegal discrimination because of Plaintiff's age, Plaintiff suffered lost wages, lost benefits, loss of future wages, liquidated damages, and loss of employment opportunities.

WHEREFORE, Plaintiff requests that this Honorable Court grant whatever legal or equitable relief it finds necessary to compensate Plaintiff for his lost wages, lost benefits, loss of future wages, liquidated damages, loss of employment and advanced opportunities resulting from Defendant's multiple violations of the Family Medical Leave Act, attorney fees and costs.

|  |  |
|---|---|
|  | s/Rex A. Burgess |
|  | Burgess & Sharp, PLLC |
|  | 15985 Canal Road |
|  | Clinton Township, MI  48038 |
|  | 586-226-2627 |
|  | rex@burgess-sharp.com |
| Date:  February 27, 2009 | P42779 |

**JURY DEMAND**

Plaintiff requests a Jury trial in the above-captioned case.

                                                s/ Rex A. Burgess
                                                Burgess & Sharp, PLLC
                                                15985 Canal Road
                                                Clinton Township, MI  48038
                                                (586) 226-2627
                                                e-mail:  rex@burgess-sharp.com
                                                        P42779